UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUISIANA STATE                          CIVIL ACTION

VERSUS                                   NO: 13-3051

                                         PERTAINS TO
                                         ALL CASES

AMERICAN NATIONAL PROPERTY &             SECTION: J
CASUALTY COMPANY, ET AL

**ORDER AND REASONS**

Before the Court are ANPAC's Motion to Dismiss for Failure
to State a Claim (Civil Action No. 13-3051, Rec. Doc. 5) and the
State's Motion to Remand (Civil Action No. 13-3051, Rec. Doc.
9).[1]

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

As a result of Hurricanes Katrina and Rita in 2005,
thousands of homes in South Louisiana were damaged or destroyed
by wind or windstorms.  Due to the mass devastation, the State of
Louisiana implemented the Road Home program, which provided
grants to homeowners whose residences sustained damage.  In order
to receive a grant under The Road Home program, the State
required an insured homeowner to execute a subrogation agreement.
Pursuant to that agreement, the State was subrogated to the

---

[1] These motions were previously denied without prejudice to being re-urged.
(Civil Action No. 13-3051, Rec. Doc. 26).  However, since the motions were fully
briefed, the Court will resolve the motions without requiring formal re-urging
by the parties.

1

claims and rights of the insured homeowner for any amounts due under the applicable insurance policy, up to the amount of the Road Home grant.

On August 23, 2007, the State of Louisiana filed a class action petition in Civil District Court for the Parish of Orleans.   This original petition, together with an amended petition,  asserted over 150,000 subrogation claims against over 200 insurance companies.  On September 11, 2007, several of the defendant insurers removed the case to this Court, where it was consolidated and assigned to Judge Duval as part of the "Katrina umbrella" litigation.   Judge Duval subsequently denied the State's motion to remand, denied class certification, but rejected the insurers' argument that the anti-assignment clause in their policies precluded assignment of any rights under the policies without consent of the insurer.   The Fifth Circuit upheld the denial of the remand motion, but certified to the Louisiana Supreme Court the issue of whether Louisiana law permitted the post-loss assignment of these insurance claims. Ultimately, the Louisiana Supreme Court answered as follows:

> There is no public policy in Louisiana which precludes an anti-assignment clause from applying to post-loss assignments. However, the language of the anti-assignment clause must clearly and unambiguously

> express that it applies to post-loss assignments, and
> thus it must be evaluated on a policy by policy basis.

*In re Katrina Canal Breaches Litig. v. ANPAC La. Ins. Co.*, 645 F.3d 703, 706 (5th Cir. 2011) (quoting *In re Katrina Canal Breaches Litig.*, 2010-1823 (La. 5/10/11); 63 So.3d 955, 957).

Accordingly, the case was remanded back to this Court for further proceedings. Following the remand from the Fifth Circuit, Judge Duval took Senior Status, and the case was re-allotted to the undersigned.

Magistrate Judge Jay Wilkinson thereafter engaged in extensive settlement discussions with the parties.  As a result of Judge Wilkinson's tremendous efforts, thousands of claims were amicably resolved and numerous defendant insurers were dismissed. On April 22, 2013, after further settlement efforts stalled, Judge Wilkinson issued a "Severance Order" (Civil Action No. 07-5528, Rec. Doc. 453), which severed the remaining claims, and gave the State of Louisiana until May 31, 2013 to file separate amended complaints on behalf of each insured claimant against the appropriate insurer.  This was ordered to accomplish the mandate of the Fifth Circuit that the critical issue of the validity of the assignment upon which the State bases its subrogation rights "must be evaluated on a policy by policy basis."

At that point, there remained approximately 33,000 mis-joined claims against nine remaining insurers.  Following

issuance of the Severance Order, and before the May 31 deadline, the State settled or dismissed all remaining claims against each of the remaining insurers except for 1,504 claims involving the ANPAC group.[2]   Prior to the May 31 deadline, the State of Louisiana filed 1,504 separate "Supplemental and Amended" Complaints against the ANPAC insurers, alleging subrogation claims on behalf of homeowners allegedly insured by an ANPAC company at the time of Hurricanes Katrina and Rita.   These amended complaints were assigned new case numbers and randomly allotted to various judges on this Court.   The captioned case is one of 114 separate amended complaints that were allotted to the undersigned.   To the extent that the parties indicated their intent to file certain pleadings or pretrial motions which are identical in each of the severed Road Home lawsuits, the parties were instructed to file their pleadings or motions only in the lowest numbered severed case pending in this section (Civil Action No. 13-3051, Rec. Doc. 11).

## Motion to Remand

The State of Louisiana alleged that as a result of the severance, there was no remaining federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d), § 1453, & §§ 1711-1715. The State then filed

---

[2] The ANPAC group includes American National Property and Casualty Company ("ANPAC"), American National General Insurance Company ("ANGIC"), and ANPAC Louisiana Insurance Company ("ANPAC LA").

4

renewed motions to remand the severed cases to state court.  The
ANPAC defendants filed Rule 12 (b)(6) motions to dismiss (Civil
Action No. 13-3051, Rec. Doc. 5).  Two different judges of this
Court, Judges Berrigan and Lemmon, granted motions to remand.
(Civil Action No. 13-3094, Rec. Doc. 17; Civil Action No. 13-
3073, Rec. Doc. 15).  These rulings were appealed, and the
undersigned held off ruling on the motions in the captioned
matter pending the  Fifth Circuit's resolution of the remand
issue.  (Civil Action No. 13-3051, Rec. Doc. 26).  On March 26,
2014, the Fifth Circuit issued its opinion finding that CAFA
jurisdiction was still present following severance of the
previously mis-joined claims. *La. v. Am. Nat'l Prop. & Cas. Co.*,
No. 14-30071, 2014 WL 1243825 (5th Cir. 2014).

Now that the Fifth Circuit has found that CAFA jurisdiction
exists for these severed claims, the Court proceeds to resolve
the pending motions in the captioned case.

In light of the Fifth Circuit ruling, the State's motion to
remand the captioned case to Civil District Court (Civil Action
No. 13-3051, Rec. Doc. 9) is **DENIED**.  This ruling will apply to
each of the 114 severed ANPAC lawsuits pending before the
undersigned.

## Motion to Dismiss Under Rule 12(b)(6)

Also before the Court is the Motion to Dismiss Under Rule
12(b)(6) filed by the ANPAC defendants ("ANPAC").  (Civil Action

No. 13-3051, Rec. Doc. 5).   The motion is opposed by the State of Louisiana, and has been fully briefed.   ANPAC essentially makes three arguments as to why the severed and amended complaint should be dismissed.

First, ANPAC argues that the amended complaint does not comply with the Severance Order issued by Judge Wilkinson.   Judge Wilkinson's order required the State to file "a separate amended complaint asserting [subrogation rights] from a *particularly identified individual insured* [] concerning the relevant *specific insurance policy* claims against the *appropriate above-listed defendant only*."   (Civil Action No. 07-5528, Rec. Doc. 453) (emphasis added).   ANPAC points out that the amended complaint names all three companies in the ANPAC group, instead of naming only a single ANPAC company as the alleged insurer.   ANPAC further argues that although the amended complaint identifies the insured by name and provides a street address for the insured property, it fails to identify the city or town where the property is located.   Finally, ANPAC argues that the amended complaint does not identify the specific insurance policy involved.

The Court finds that the severed and amended complaint adequately complies with the Severance Order.   When Judge Wilkinson issued that Order, there were nine different insurance companies still remaining as defendants.   Obviously, Judge

6

Wilkinson intended that the amended complaints should identify the appropriate insurer defendant for each severed claim. For example, the State should not include Liberty Mutual or Allstate in an amended complaint on behalf of an ANPAC insured. By the time that the amended complaints were filed, however, only the ANPAC group of insurers remained as defendants. The State included the three ANPAC companies as defendants in the amended complaints. The State also identified the name of the insured and the street address for the insured property. Although the amended complaint strangely does not identify the city or town, counsel for the State points out that this information was previously provided to ANPAC as part of the Case Management Order issued by Judge Wilkinson in connection with his extensive court supervised settlement process. In other words, ANPAC has sufficient information to allow it to identify the specific insured property and determine which of the three ANPAC companies issued the specific policy covering that property during the time frame of Hurricanes Katrina and Rita in 2005.

Second, ANPAC argues that the amended complaint fails to allege a "plausible" claim for breach of the insurance policy. The Court has reviewed the amended complaint and finds that it meets the pleading requirements under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In its complaint, the State alleges that it is bringing a

7

subrogation claim as part of an assignment from the identified homeowner to whom the State paid a Road Home grant, that the homeowner was an insured of one of the ANPAC companies, that the insured residence was damaged by windstorms in Hurricanes Katrina and Rita, and that ANPAC has failed to pay for the covered property damages. In addition to the allegations of the amended complaint, the State points out that additional claim specific information has been previously provided to ANPAC as part of Judge Wilkinson's court-supervised settlement process. Further, as counsel for the State notes, formal discovery was stayed during the court-supervised settlement process. In the circumstances where the State is only a subrogee and not the insured, it has limited information and additional discovery will be required in order to obtain more specific information from the insured and/or from ANPAC. Of course, the parties will have an opportunity to engage in further discovery prior to trial. It may be that ultimately the State will be unable to prove its subrogation claim at trial, or perhaps will not be able to survive summary judgment. However, the Court finds that the amended complaint alleges a sufficiently plausible claim such that ANPAC has reasonable notice of the claim that is being brought by the State, and is able to defend against the State's

claim.[3]

Finally, ANPAC argues that the amended complaint should be dismissed because the State failed to pay the $350 filing fee required by 28 U.S.C. 1914, citing *In Re Diet Drugs,* 325 F.Supp. 2d. 540, 542 (2004) for the proposition that payment of the filing fee is mandatory for each severed case.   In the case relied upon by ANPAC, *In Re Diet Drugs*, the Court had specifically required payment of the separate filing fees in connection with its severance order.   In the captioned litigation, however, Judge Wilkinson's severance order did not require or order payment of separate filing fees for each amended complaint.   Therefore, the State's failure to pay the additional fee did not violate any court order.   Moreover, the Court fails to see what standing ANPAC has to complain if the Court did not require payment of the additional filing fees.[4]   In short, the Court is not persuaded that this is a basis to dismiss the amended complaint.

Accordingly,

---

[3] ANPAC also argues that the State did not obtain extra-contractual rights under the assignment, and thus the Court should dismiss Counts II and III, which allege bad faith claims.   However, the Court notes that the State has voluntarily dismissed those Counts. (Civil Action No. 13-3051, Rec. Doc. 7).

[4] Notably, this Court has previously allowed severed complaints to be filed without payment of additional filing fees. Also, in MDL 2179, the Court authorized a procedure whereby litigants were able to file "Short Form Joinders" to join in the pending litigation without the filing of a separate lawsuit or filing fee. (Civil Action No. 10-md-2179, Pre-Trial Order No. 33, Rec. Doc. 1549).

**IT IS ORDERED** that the State's Motion to Remand (Civil Action No. 13-3051, Rec. Doc. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that ANPAC's Motion to Dismiss (Civil Action No. 13-3051, Rec. Doc. 5) is **DENIED**.   In light of the Court's previous order regarding the filing of what would have been identical motions in only the lowest numbered, captioned case (Civil Action No. 13-3051, Rec. Doc. 11), this order shall apply to each of the 114 amended ANPAC complaints pending before the undersigned.   A listing of those cases can be found in the Court's Order of September 26, 2013.   (Civil Action No. 13-3051, Rec. Doc. 11).

New Orleans, Louisiana, this 7th day of April, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE